# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JAMES R. CHRISTOPHER IV**                                               **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:13CV-P791-M**

**RAYMOND CARR** *et al.*                                               **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff James R. Christopher IV initiated this *pro se* action by filing a handwritten letter (DN 1). Thereafter, he submitted an amended complaint on a 42 U.S.C. § 1983 form (DN 2). As the form complaint contains more detailed facts and lists Defendants and the capacity in which they are being sued, the Court concludes that the amended complaint supercedes the original complaint (letter). This matter is before the Court on initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff was a convicted prisoner incarcerated in the Hardin County Detention Center when he filed the complaint. He has since been transferred to the Roederer Correctional Complex. As Defendants, Plaintiff names Raymond Carr, Assistant Commonwealth's Attorney for the Ninth Circuit; Kenneth Howard, Hardin Circuit Court Judge; Heather Strotman, a public defender with the Department of Public Advocacy; and Hardin County. He sues Defendants Carr and Howard in their official capacities and sues Defendant Strotman in her individual and official capacities.

According to the complaint, Plaintiff was arrested by Radcliff police on or about March 31, 2013, based on "an active warrant for 'theft by unlawful taking'" and held on a $10,000 full cash bond. At his arraignment, he attempted to explain that he had already served time for this crime in Massachusetts and was advised to tell his appointed counsel. A few days later, Defendant Public Defender Strotman visited Plaintiff. Plaintiff advised counsel that he already had been found guilty and sentenced to time served for the crime. Defendant Strotman refused to investigate his double-jeopardy claim and told Plaintiff that she did not work for him, that he did not make the decisions, and that "if [he] did not accept a 'rocket docket' offer then all other decision were 'trial strategy' and completely in her control." Thereafter, two *Faretta* hearings were held, and Plaintiff was allowed to proceed *pro se*. He filed motions for bond reduction, which were denied, and also filed a motion to dismiss on double-jeopardy grounds, which was eventually granted and charges dismissed.

Plaintiff contends that Defendant Strotman violated his Sixth Amendment rights by denying him effective assistance of counsel. Plaintiff further claims that, with full knowledge that he was sentenced and released by another state, Defendant Carr prosecuted him in violation of the Double Jeopardy Clause; misrepresented the facts and pursued a malicious prosecution; and caused him to be held on excessive bail. Finally, he contends that "it was the judgement, opinions, decisions and failures to deside on the part of Judge Kenneth Howard the ultimately ordered my unlawful detainment that so denied me my liberty for (130) one-hundred and thirty days."

As relief, Plaintiff seeks monetary and punitive damages, removal of "debt of accumulated housing fees from Hardin County Detention," and disbarment of Defendant Strotman.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Strotman

Defendant Public Defender Strotman, in representing Plaintiff in the state-court action, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). While an exception exists if the defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). The claims against Defendant Strotman, therefore, will be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendants Carr and Howard

Plaintiff sues these Defendants only in their official capacities.

#### 1. Damages

Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by

the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Second, neither Defendant sued in his official capacity for damages is a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Accordingly, the official-capacity claims for damages will be dismissed for failure to state a claim and for seeking monetary relief from Defendants who are immune from such relief.

### 2. Equitable Relief

Disbarment of the public defender and removal of debt for housing fees imposed by the Hardin County Detention Center are not the type of equitable relief that an assistant prosecutor and circuit court judge can provide. Moreover, state-court judges are immune from injunctive relief, except in limited circumstances not present here. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Therefore, the claims for equitable relief will be dismissed as well for failure to state a claim upon which relief may be granted.

### C. Hardin County

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff has made no claims against Hardin County and has failed to allege any wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Hardin County. His complaints are against the judge, prosecutor, and public defender involved in his criminal proceeding located in Hardin County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

## IV. **CONCLUSION**

For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date: February 4, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Hardin County Attorney
4414.005

7